UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81504-CIV-COHN/SELTZER

MICHAEL LOVE,

    Plaintiff,

vs.

IRS PALS and ALL INTERESTED
PARTIES,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (DE 34) and was referred to the undersigned Magistrate Judge pursuant to U.S.C. § 636 and and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.  For the reasons set forth below, it is hereby RECOMMENDED that the Motion be GRANTED.

## INTRODUCTION

The undersigned relates the following facts (arising in another case) to put this action into context.  In United States v. Evangelos Lena, et al., No. 05-80669-Zloch (S.D. Fla.) (the "Lena case"), the United States (hereinafter "the Government") brought suit to reduce to judgment the unpaid federal tax liabilities assessed against Evagelos Lena and Joanne Lena and to foreclose its federal tax liens.  To satisfy the federal tax liens, the Government also sought the sale of certain real property located at 217 Bilbao Street, West Palm Beach, Florida, and described more fully as follows: "Lot 49, Block "K," LA

MANCHA, according to the Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, recorded in Plat Book 29, Pages 165 through 170, inclusive." (the "subject property").  Amended Complaint at 2 (05-80669, DE 96).[1]

The District Court subsequently entered a Final Judgment against the Lenas and ordered the tax liens against their property foreclosed.  (05-80669, DE 153).[2]  Thereafter, the District Court authorized the sale of the subject property at public auction by the IRS's Property and Liquidation Specialists ("PALS")  (05-80669, DE 186).  The Court directed IRS PALS to publish a notice of the sale (for four consecutive weeks) in a newspaper of general circulation in Palm Beach County.  With respect to the terms of the sale, the Court ordered:

> At the time of the sale, the successful bidder(s) shall deposit with PALS, by cash or certified or cashier's check payable to the United States District Court for the Southern District of Florida, a minimum of twenty (20) percent of the bid.  Before being permitted to bid at the sale, potential bidders shall display to PALS proof that they are able to comply with this requirement.  No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this amended order of sale.

January 21, 2010 Order at ¶ 12 (05-80669, DE 186).  The successful bidder was required to pay the balance of the purchase price to the Clerk of the Court by a certified check within 30 days of the sale.  Id. at ¶ 13.  On August 4, 2010, PALS sold the subject property for $110,000.  And on October 12, 2010, the District Court entered an Order Confirming

---

[1] Defendant herein identified the Lena case in its May 9, 2011 Notice of Pending, Refiled, Related, or Similar Actions (DE 33).

[2] On March 25, 2010, the Eleventh Circuit affirmed the judgment and order of foreclosure.  See United States v. Lena, 370 Fed. Appx. 65 (11th Cir. 2010).

2

Sale, directing PALS to convey the subject property to the purchaser at the foreclosure sale and to distribute the proceeds of the sale according to the priorities set forth in the Court's prior Order of Sale.  August 4, 2010 Order (05-80669, DE 194).

## PROCEDURAL HISTORY OF THIS ACTION

On November 22, 2010, Plaintiff Michael Love, proceeding *pro se*, filed a pleading entitled "In Rem: Action of Ejectment" against "Any and All Interested Parties" (DE 1).  On November 24, 2010, the District Court dismissed (without prejudice) the action for failure to name a proper defendant and directed Plaintiff that in filing an Amended Complaint, he must name at least one identified defendant (DE 4).  On December 23, 2010, Plaintiff filed another pleading entitled "In Rem: Action of Ejectment" (DE 8), which the District Court accepted as a timely Amended Complaint [3] (DE 9) (hereinafter, the "Amended Complaint"). The December 23, 2010 Amended Complaint is identical in substance to the original Complaint; the caption of the Amended Complaint, however, names as defendants "IRS PALS" and "All Interested Parties."[4]  On February 1, 2011, the District Court dismissed this action (without prejudice) for Plaintiff's failure to prosecute; Plaintiff had failed to file either a summons or civil cover sheet, as the Court had previously ordered (DE 13).   The following day, however, the Clerk of the Court received Plaintiff's Notices showing that his address had changed and that he had attempted to comply with at least one of the Court's

---

[3]  The District Court also granted Plaintiff leave to proceed *in forma pauperis* (DE 10).

[4]  The undersigned notes that in the body of Plaintiff's "In Rem: Action of Ejectment," Plaintiff states that he is bringing the action against the real property located at 217 Bilbao Street, West Palm Beach; he then sets forth the same legal description of the property as was identified in the Lena case.

orders. Accordingly, on February 3, 2011, the District Court reopened the case (DE 16).

## ALLEGATIONS OF AMENDED COMPLAINT (DE 8)

Plaintiff's action arises out of the sale of the real property that was the subject of the Lena case. The Amended Complaint alleges that Plaintiff learned through a newspaper advertisement that the subject property was to be sold. Amended Complaint at 3 (DE 8).[5] According to the Amended Complaint, on July 6, 2010, Plaintiff made a bid on the property in the amount of $350,000; although Plaintiff was aware that the terms of the sale required payment by certified check or cash deposit, he instead attached a promissory note and a "novation" to the bid and sent it to IRS PALS. Id.

On August 11, 2010, Plaintiff sent an inquiry (by letter) as to the status of the sale; on August 27, 2010, a representative from IRS PALS responded that on August 4, 2011, the property had been sold to the highest bidder for $110,000. Id. at 3-4. The IRS PALS' response also "mentioned the return of the letters and forms due to the failure to conform with the terms of the sale which 'included having a check made out to the U.S. District Court of the Southern District of Florida.'" Id. at 3.

The Amended Complaint additionally alleges that on September 2, 2010, Plaintiff sent a "Conditional Acceptance" to IRS PALS indicating that he was "willing to accept the IRS PALS response" if it provided certain Proofs of Claim within 30 days.[6]

---

[5] The Amended Complaint contains neither numbered paragraphs nor page numbers. The undersigned, therefore, references the page numbers (located at the top of the pages) as docketed.

[6] These "Proofs of Claim" were as follows:

> (1) Proof of claim that on the 6th day of July 2010, Novation was not requested as to type of tender of Payment, and:

4

Plaintiff stated in his "Conditional Acceptance" that IRS PALS' failure to provide the Proofs of Claim would "constitute IRS PALS full acceptance" of the following:

> 1) The old obligation being payment of bid by certified check or cash was extinguished from tacit acceptance of new obligation being payment of bid by commercial paper. Furthermore, this tacit acceptance of new obligation with intent to extinguish the old obligation constituted a "Novation."
>
> 2) Tacit agreement to receive note as payment constituted payment of bid, and if bidder was the successful bidder, property would be transferred accordingly, and if not return of bid to bidder in any form of payment including legal tender, regardless if note was paid or not.
>
> 3) Since commercial paper was accepted, and then refused, by way of sending original note back to maker there is discharge to the amount of the commercial paper.

Id. at 5-6.

The "Relief Sought" section of the Amended Complaint states: "Based on the above stated facts, as I MICHAEL LOVE, am the true purchaser and should hold true title to said property, I now request this Court to perfect my claim by Granting this Action." Id. at 6.

---

> (A)   Proof of claim that said novation accompanied by commercial paper rejected August 27, 2010, 23 days after the Public Auction Sale date was not untimely and ineffective, and;
>
> (B)   Proof of claim that tender of payment (commercial payment by novation) having been made, accepted, then refused does not constitute discharge to the amount of the tender.

Amended Complaint at 4-5 (DE 8).  On September 8, 2010, Plaintiff amended his "Conditional Acceptance" to require: "2) Proof of Claim - that there are reasons which would deem the Proofs of Claim within said Conditional Acceptance negative averments which would cause those Proofs of Claims not necessary to provide." Id. at 6.

MOTION TO DISMISS

Defendant United States of America ("and the improperly named defendant IRS PALS") (the "Government") now moves to dismiss this action on the following grounds: (1) Plaintiff has failed to name any proper defendant; (2) this Court lacks subject matter jurisdiction; and (3) Plaintiff fails to state a claim upon which relief may be granted.[7]

Failure to Name Proper Parties

Plaintiff names as a defendant IRS PALS (Property Appraisal and Liquidation Specialists); PALS is a division of the Internal Revenue Service.  The IRS, however, is not an entity capable of being sued.    Abell v. Sothen, 214 Fed. App'x 743, 751 (10th Cir. 2007); Personett v. IRS, No. 09-cv-01258-PAB-KMT, 2009 WL 3417863, at *4 (D. Colo. Sept. 3, 2009) (recommendation of magistrate judge adopted by district court, 2009 WL 3158128 (Sept. 24, 2009)); Jesus-Guajardo v. Everson, No. A-06-CA-470-SS, 2007 WL 1696121, at *1 (W.D. Tex. Feb. 4, 2007); Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989); Krouse v. United States Gov't Treasury Dep't. IRS., 380 F. Supp. 219, 221 (C.D. Cal. 1974).  "A suit purporting to bring claims against the IRS is deemed to be a suit against the United States." Personett, 2009 WL 169121, at *4.; see also  Buzzell v. IRS, No. 3:09cv161, 2009 WL 2916904, at *2 (E.D. Va. Sept. 2, 2009) ("It is well settled that the United States is the real party in interest in suits against a federal department or agency."); Delvecchio v. Smith, 558 F. Supp. 2d 1243, 1245 (S.D. Fla. 2008) (Graham, J.) (a "suit against the IRS employees in their official capacities is, in essence, a suit against the United States"); Franklin v. IRS, No. 2:07-cv-23-FtM-29DNF, 2007 WL 1831787, at *2

---

[7] Plaintiff has filed a response to the Motion (DE 39), and the Government has replied thereto (DE 40).

(M.D. Fla. 2005) (in case brought against "Internal Revenue Service, Executive in Charge," court ruled that United States was the proper party). For purposes of this motion, therefore, the undersigned will analyze Plaintiff's claims as if they had been brought against the United States.[8]

### Lack of Subject Matter Jurisdiction

To maintain a viable action against the United States, a plaintiff must satisfy two requirements: (1) the plaintiff must first identify a statute that confers subject matter jurisdiction on the district court;[9] and (2) the plaintiff must also identify a federal law that waives the sovereign immunity of the United States. Macklin v. United States, 300 F.3d 814, 819 (7th Cir. 2002); Sac and Fox Nation of Missouri v. Kempthorn, No. 96-4129-RDR, 2008 WL 4186890, at *3 (D. Kan. Sept. 10, 2008) ("[T]here must be a waiver of sovereign

---

[8] The Government moves to dismiss this action on the ground that Plaintiff has failed to name any proper defendant. It argues that IRS PALS is not a proper party because it is not an entity capable of being sued and that Plaintiff has failed to identify any specific defendant encompassed within his "All Interested Parties" designation. According to the Government, dismissal with prejudice therefore is warranted because the District Court has already afforded Plaintiff an opportunity to correct his pleading and it warned Plaintiff that he must name at least one specific defendant. Should the District Court decline to dismiss this action for the other reasons discussed *infra*, the undersigned would recommend that the Court substitute the United States for IRS PALS as the proper defendant. See Delvecchio, 558 F. Supp. 2d at 1245; Franklin v. IRS,, 2007 WL 1831787, at *2; Personett, 2009 WL 169121, at *4 (all substituting the United States as the proper defendant where *pro se* plaintiffs had named the IRS and/or its employees as defendants). The Court would also recommend that the District Court dismiss the claims against "All Interested Parties" as Plaintiff has failed to identify any specific "interested party".

[9] "Subject-matter jurisdiction defines the court's authority to hear a given type of case. . . ." United States v. Morton, 467 U.S. 822, 828 (1984). Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Government argues that this Court does not have subject matter jurisdiction because the action does not involve a federal question. And diversity jurisdiction under 28 U.S.C. § 1332 is not implicated herein.

7

immunity *and* subject matter jurisdiction for a court to proceed.") (emphasis in original) (citing Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991)). "Failure to satisfy either requirement mandates the dismissal of the plaintiff's claim." Macklin, 300 F.3d at 819.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Government moves to dismiss this action,[10] arguing that Plaintiff has failed to satisfy both requirements. Because federal courts are courts of limited jurisdiction, they are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears." General Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981). "Faced with a Rule 12(b)(1) motion, the plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction." Friends of Panamint Valley v. Kempthorne, 499 F. Supp. 2d 1165, 1171 (E.D. Cal. 2007). If a court determines that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

---

[10] A Rule 12(b)(1) dismissal motion for lack of subject matter jurisdiction may assert either a factual attack or a facial attack on jurisdiction. The Eleventh Circuit has explained the difference:

> A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered. In a facial attack, on the other hand, the court examines whether the complaint had sufficiently alleged subject matter jurisdiction. As it does when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by the complaint as true. . . . Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions.

Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260-1261 (11th Cir. 2009) (quotation marks and internal citations omitted).

With respect to sovereign immunity, [i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983).  This immunity from suit extends to federal agencies.  FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  A party suing the United States bears the burden of identifying the specific statute waiving the government's sovereign immunity and demonstrating that the requirements of that statute have been met.  Cole v. United States, 657 F.2d 107, 109 (7th Cir. 1981).  "Any waiver of immunity must be strictly construed in favor of the sovereign, and it cannot be enlarged beyond what the statutory language allows." City of Jacksonville v. Dep't of Navy, 348 F.3d 1307, 1314 (11th Cir. 2003).

Here, Plaintiff's Amended Complaint lacks any jurisdictional statement; it is devoid of any citation to a statute that confers subject matter jurisdiction or that waives the Government's sovereign immunity.  In his response to the Government's Motion to Dismiss, however, Plaintiff first argues that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1391.  But § 1391 "establishes the rules for proper venue in federal actions; it does not confer jurisdiction." Davis v. Ryan Oaks Apartment, No. 09-10959, 2009 WL 4854129, at *1 (11th Cir. Dec. 17, 2009); see also Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1064 n.1 (Fifth Circuit, Unit A 1981) (Section 1391 is "the federal venue statute and does not grant any form of federal jurisdiction.").

Plaintiff next argues that this Court possesses subject matter jurisdiction under the Quiet Title Act, 28 U.S.C. § 2409(a).  Section 2409(a) provides that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a

disputed title to real property in which the United States claims an interest, other than a security interest or water rights."[11]  However, Section 2409(a) does not apply here because the proper section to bring a quiet title action against a property on which the United States has a lien is 28 U.S.C. § 2410.  But § 2410 does confer subject matter jurisdiction on a federal court; there must exist an independent basis for jurisdiction.  United States v. Macklin, 300 F.3d 814, 819 (7th Cir. 2002); Remis v. United States, 273 F.2d 293, 294 (1st Cir. 1960); Seattle Ass'n of Credit Men v. U.S. 240 F.2d 906, 908 (9th Cir. 1957); Juniper Dev. Group v. United States, 774 F. Supp. 56, 59 (D. Mass.,1990); Gutman v. United States, 196 F. Supp. 384, 385 (E.D.N.Y. 1961).

Even had Plaintiff shown that this Court has subject matter jurisdiction, he has failed to show that the Government has waived its sovereign immunity.  Although § 2410 acts as a limited waiver of the Government's sovereign immunity in actions affecting property subject to a federal tax lien,  Plaintiff not only has failed to cite to the statute, he has also failed to meet the statute's pleading requirements.  Section 2410(a) requires that the complaint "set forth with particularity the nature of the interest or lien of the United States." 28 U.S.C. § 2410(a).  And in actions involving federal tax liens, the complaint must "include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such lien was filed."  Id.  Plaintiff's Amended Complaint is devoid of such allegations.   Additionally, Plaintiff has failed to allege facts that demonstrate he has any

---

[11] Section 2409(a) does not itself confer subject matter jurisdiction; jurisdiction over such actions is provided specifically by 28 U.S.C. § 1346(f).  See Morrison v. Morrison, 408 F. Supp. 315, 317 -318 (N.D. Tex. 1976) (noting that § 2409(a) does not confer jurisdiction on federal courts).

plausible claim to the subject property.  See discussion on failure to state a claim *infra*.

Moreover, courts have held that § 2410 is not applicable where the Government has already sold the subject property at the time the plaintiff files the action.  See, e.g., Koehler v. United States, 153 F.3d 263, 266 (5th Cir. 1998); Hughes v. United States, 953 F.2d 531, 538 (9th Cir. 1992); Dahn v. United States, 127 F.3d 1249, 151-52 n.1 (10th Cir. 1997); MacElvain v. United States, 867 F. Supp. 996, 1002-03 (M.D. Ala. 1994); Brewer v. United States, 764 F. Supp. 309, 314 (S.D.N.Y 1991); Murray v. United States, 520 F. Supp. 1207, 1210 (D.N.D. 1981), aff'd on other grounds, 668 F.2d 1320 (8th Cir. 1982).  Here, the property at issue was sold on August 4, 2010, and on August 12, 2010, the District Court confirmed the sale and directed the Government to convey the property to the purchaser and to distribute the proceeds.  Plaintiff did not file his action until November 22, 2010 – more than three months after the sale and Court's confirmation of the sale.

In sum, Plaintiff has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over this action (i.e, that a federal question exists) and that the Government has waived its sovereign immunity.[12]  Accordingly, the undersigned RECOMMENDS that the District Court dismiss this action.

### Failure to State a Claim

Assuming *arguendo* that this Court has subject matter jurisdiction, the Government moves to dismiss this action for failure to state a claim upon which relief may be granted,

---

[12] The Government also argues that the relief requested by Plaintiff is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Anti-Injunction Act, 26 U.S.C. § 7421.  Because the undersigned has concluded that this action should be dismissed for lack of subject matter jurisdiction (or for failure to state a claim, see discussion *infra*), it is unnecessary to consider these arguments.

11

under Federal Rule of Civil Procedure 12(b)(6). At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." Id. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1949).

In considering a 12(b)(6) motion to dismiss, a court's review is "limited to the four corners of the complaint." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (quoting St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002)). Additionally, a court must view the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true.[13] Hishon v. King v.

---

[13] The undersigned is mindful that *pro se* pleadings are to be construed liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.") GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (1998) (internal citations omitted).

Spalding, 467 U.S. 69, 73 (1984); Am. United Life Ins. Co. v. Martinez, 480 F.3D 1043, 1057 (11th Cir. 2007). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also Iqbal, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); Sinaltrainal, 578 F.3d at 1260 ("In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, but we are not required to draw plaintiff's inference [and] . . . unwarranted deductions of fact in a complaint are not admitted as true. . . .") (internal citations and quotation marks omitted).

Plaintiff's action sounds in contract. "It is hornbook law that a contract is not formed unless there is both offer and acceptance." S. Masonry Constr., LLC v. Speegle Constr., No. 3:09-cv-245-RV-EMT, 2009 WL 2365711, at *2 (N.D. Fla. July 30, 2009). "The acceptance of an offer, to result in a contract, must be (1) [a]bsolute and unconditional; (2) identical with the terms of the offer, and (3) in the mode, at the place, and within the time expressly or impliedly required by the offer." Kendel v. Pontious, 261 So. 2d 167, 169 (Fla. 1972).

In essence, the Amended Complaint alleges: (1) Plaintiff offered a promissory note to purchase the subject property, despite being aware that the terms of the sale required payment by certified check or cash deposit;[14] (2) upon his inquiry, IRS PALS returned

---

[14] The Amended Complaint alleges that this change in terms of payment was a novation. This allegation, however, is a legal conclusion "masquerading" as a fact, which the Court need not accept as true and which will not prevent dismissal. See Jackson v. Bellsouth Telecomms., 372 F.3d at 1263 ("legal conclusions masquerading as facts will not

Plaintiff's bid for failure to comply with the terms of the sale and informed him the property had already been sold; (3) Plaintiff then sent the Government a "Conditional Acceptance" in which he agreed to accept the Government's response if IRS PALS met certain conditions.

Although the Amended Complaint alleges that Plaintiff made a (non-conforming) offer to purchase the subject property, it fails to allege sufficient facts showing that IRS PALS ever accepted Plaintiff's offer; hence, under the facts alleged, no valid contract between the parties was formed.  See Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc., 363 F.3d 1089, 1093 (11th Cir. 2004) ("The last act necessary to complete a contract is the offeree's communication of acceptance to the offeror.") (citing Buell v. State, 704 So. 2d 552, 555 (Fla. 4th DCA 1977)).

In sum, the factual allegations are not sufficient to raise a right to the relief requested – a finding by the Court that Plaintiff is the true owner of the property; in other words, the factual allegations fail to state a claim for relief that is plausible on its face. Accordingly, should the District Court decline to dismiss the Amended Complaint for lack of subject matter jurisdiction, the undersigned RECOMMENDS that the Court dismiss the

---

prevent dismissal); see also Iqbal, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  For a novation to exist, four elements are essential: "(1) the existence of a previously valid contract, (2) the agreement of all the parties to a new contract, (3) the extinguishment of the original contractual obligation, and (4) the validity of the new contract."  Pinacle Holdings, Inc. v. Biologics, Inc., 643 So. 2d 642, 622 (Fla. 2d DCA 1994). "Whether the alteration of the terms of a contract results in a novation depends upon the intention of the parties . . . ." Id.  Here, the Amended Complaint fails to allege facts showing that Plaintiff's tender of a promissory note in lieu of the required payment by certified check or cash resulted in a novation; no prior contract between Plaintiff and IRS PALS existed and the IRS did not agree to the new terms substituted by Plaintiff.

14

Amended Complaint for failure to state a claim upon which relief can be granted.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989).

DONE AND SUBMITTED in Fort Lauderdale, Florida, this 21st day of October 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

Michael Love
501003037
DC# L54020
P.O. Box 718501
Moore Haven, FL  33471