UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-81504-CIV-COHN/SELTZER

MICHAEL LOVE,

    Plaintiff,

v.

UNITED STATES, IRS PALS,
and ALL INTERESTED PARTIES,

    Defendants.
_____/

### ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon the Report and Recommendation of United States Magistrate Judge Barry S. Seltzer [DE 42] ("Report") regarding the United States' ("Government's") Motion to Dismiss [DE 34]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Report, the Amended Complaint [DE 8], the Motion to Dismiss, Plaintiff's Response [DE 39], the Government's Reply [DE 40], and Plaintiff's Objections to the Report [DE 43], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Michael Love filed this action on November 22, 2010. See Complaint [DE 1]. The action arises out of the sale of the real property that was at issue in another case, United States v. Evangelos Lena, et al., No. 05-80669-Zloch (S.D. Fla. filed on July 25, 2005) ("Lena"). In his Report, Judge Seltzer recounts the facts of Lena as follows:

> [T]he United States (hereinafter "the Government") brought suit to reduce to judgment the unpaid federal tax liabilities assessed against Evagelos Lena and Joanne Lena and to foreclose its federal tax liens. To satisfy the federal tax liens, the Government also sought the sale of certain real property located at 217 Bilbao Street, West Palm Beach, Florida, and described more fully as follows: "Lot 49, Block "K," LA MANCHA, according to the Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, recorded in Plat Book 29, Pages 165 through 170, inclusive" (the "subject property"). Amended Complaint at 2 (05-80669, DE 96). The District Court subsequently entered a Final Judgment against the Lenas and ordered the tax liens against their property foreclosed. (05-80669, DE 153).[1] Thereafter, the District Court authorized the sale of the subject property at public auction by the IRS's Property and Liquidation Specialists ("PALS") (05-80669, DE 186). The Court directed IRS PALS to publish a notice of the sale (for four consecutive weeks) in a newspaper of general circulation in Palm Beach County. With respect to the terms of the sale, the Court ordered:
>
>> At the time of the sale, the successful bidder(s) shall deposit with PALS, by cash or certified or cashier's check payable to the United States District Court for the Southern District of Florida, a minimum of twenty (20) percent of the bid. Before being permitted to bid at the sale, potential bidders shall display to PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this amended order of sale.
>
> January 21, 2010 Order at ¶ 12 (05-80669, DE 186). The successful bidder was required to pay the balance of the purchase price to the Clerk of the Court by a certified check within 30 days of the sale. Id. at ¶ 13. On August 4, 2010, PALS sold the subject property for $110,000. And on October 12, 2010, the District Court entered an Order Confirming Sale, directing PALS to convey the subject property to the purchaser at the foreclosure sale and to distribute the proceeds of the sale according to the priorities set forth in the Court's prior Order of Sale. August 4, 2010 Order (05-80669, DE 194).

Rep. at 1-3.

In this action, Plaintiff alleges that he bid on the subject property in the amount of

---

[1] On March 25, 2010, the Eleventh Circuit affirmed the judgment and order of foreclosure. See United States v. Lena, 370 Fed. App'x 65 (11th Cir. 2010).

$350,000.  Am. Compl. at 3.  Though he was aware that the terms of the sale required payment by certified check or cash deposit, he attached a promissory note and a "novation" to his bid instead of a certified check or cash.  Id.

On August 11, 2010, Plaintiff sent a letter inquiring as to the status of the sale, and on August 27, 2010, a representative from IRS PALS responded that on August 4, 2011, the property had been sold to the highest bidder for $110,000.  Id. at 3-4.  The IRS PALS' response also "mentioned the return of the letters and forms due to the failure to conform with the terms of the sale which 'included having a check made out to the U.S. District Court of the Southern District of Florida.'"  Id. at 3.

The Amended Complaint further alleges that on September 2, 2010, Plaintiff sent a "Conditional Acceptance" to IRS PALS indicating that he was "willing to accept the IRS PALS response" if it provided certain Proofs of Claim within 30 days.  Plaintiff stated in his "Conditional Acceptance" that IRS PALS' failure to provide the Proofs of Claim would "constitute IRS PALS full acceptance" of the following:

> 1) The old obligation being payment of bid by certified check or cash was extinguished from tacit acceptance of new obligation being payment of bid by commercial paper.  Furthermore, this tacit acceptance of new obligation with intent to extinguish the old obligation constituted a "Novation."
>
> 2) Tacit agreement to receive note as payment constituted payment of bid, and if bidder was the successful bidder, property would be transferred accordingly, and if not, return of bid to bidder in any form of payment including legal tender, regardless if note was paid or not.
>
> 3) Since commercial paper was accepted, and then refused, by way of sending original note back to maker there is discharge to the amount of the commercial paper.

Id. at 5-6.

In his "Relief Sought," Plaintiff states, "Based on the above stated facts, as I

3

MICHAEL LOVE, am the true purchaser and should hold true title to said property, I now request this Court to perfect my claim by Granting this Action." Id. at 6.

On May 9, 2011, the Government filed its Motion to Dismiss on the following grounds: (1) failure to name a proper defendant; (2) lack of subject matter jurisdiction; and (3) failure to state a claim upon which relief can be granted.  On October 21, 2011, after the parties had fully briefed the issues in the Motion to Dismiss, Judge Seltzer issued his Report, recommending that the undersigned grant the Government's Motion to Dismiss.  Specifically, Judge Seltzer found that this Court lacks subject matter jurisdiction and that Plaintiff failed to state a claim upon which relief may be granted.[2] Plaintiff filed his Objections on November 4, 2011, objecting to both of these findings.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may submit proposed findings of fact and recommendations for the disposition of a motion to dismiss.  Upon objection by a party, the district court must conduct a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  See 28 U.S.C. § 636(b)(1).  Accordingly, the undersigned has conducted a *de novo* review of the Report and related parts of the record with respect to each of Plaintiff's objections.

---

[2]  Regarding the Government's argument that Plaintiff failed to name a proper defendant, Judge Seltzer recommended that if the Court does not dismiss the action for lack of subject matter jurisdiction or failure to state a claim, then the Court should substitute the United States for IRS PALS as the proper defendant.  Rep. at 7 n.8. Neither Plaintiff nor the Government objected to this recommendation.  Therefore, the undersigned analyzes Plaintiff's claims as if they were brought against the United States.

### A. Subject Matter Jurisdiction

First, Plaintiff objects to the finding that this Court lacks subject matter jurisdiction. To maintain an action against the United States, a plaintiff must both (1) identify a statute that confers subject matter jurisdiction on the district court, and (2) identify a federal law that waives the sovereign immunity of the United States. Macklin v. United States, 300 F.3d 814, 819 (7th Cir. 2002); Sac & Fox Nation of Mo. v. Kempthorn, Case No. 96-4128-RDR, 2008 WL 4186890, at *3 (D. Kan. Sept. 10, 2008) "Failure to satisfy either requirement mandates the dismissal of the plaintiff's claim." Macklin, 300 F.3d at 819. Judge Seltzer found that Plaintiff failed to satisfy both requirements. Rep. at 7-11. The undersigned agrees.

In objecting to this finding, Plaintiff points to 28 U.S.C. § 2409a(a)[3] and 28 U.S.C. § 1346(f) as statutes which allegedly confer subject matter jurisdiction and waive the Government's sovereign immunity. As Judge Seltzer noted in his Report, § 2409a(a) does not apply here. Rep. at 10. Instead, the proper section to bring a quiet title action against a property on which the United States has a lien is 28 U.S.C. § 2410, id., and § 2410 does not confer subject matter jurisdiction on a federal court, see, e.g., Macklin, 300 F.3d at 819; Remis v. United States, 273 F.2d 293, 294 (1st Cir. 1960). Moreover, § 2410 does not apply where, as here, the Government had already sold the subject property by the time the plaintiff filed his action. See Rep. at 11 (citing various case

---

[3] Plaintiff cites § 2409(a), not § 2409a(a), Obj. at 3, but the statute entitled "Real property quiet title actions" is actually § 2409a(a). The Report similarly cites § 2409(a) rather than § 2409a(a), but the Report also references the "Quiet Title Act," and quotes § 2409a(a). Rep. at 9. Therefore, the Court assumes that both Plaintiff and Judge Seltzer meant to cite § 2409a(a).

law).  The subject property in this case was sold on August 3, 2010, and the District Court confirmed the sale on August 12, 2010.  Plaintiff never filed an objection to the sale's confirmation in the Lena case, and he did not file this action until November 22, 2010, well after the District Court confirmed the property's sale.

Plaintiff argues that § 2409a(a) does apply here because there were no liens on the property.  Obj. at 3.  Plaintiff's argument is factually incorrect.  The Government brought the Lena case specifically to foreclose its federal tax liens, and the subject property was eventually sold in a federal tax lien foreclosure sale.  Even if § 2409a(a) did apply, however, as Judge Seltzer noted, this statute does not confer subject matter jurisdiction.  Rep. at 10 n.11 (citing Morrison v. Morrison, 408 F. Supp. 315, 317-28 (N.D. Tex. 1976) (noting that § 2409(a) does not confer jurisdiction on federal courts)).  Section 1346(f) confers jurisdiction over civil actions under § 2409a, see 28 U.S.C. § 1346(f), but as noted above, this action does not fall under § 2409a.  Consequently, Plaintiff has failed to identify both a statute that confers subject matter jurisdiction on this Court and a federal law that waives the sovereign immunity of the United States.  As such, the undersigned agrees with Judge Seltzer that this case must be dismissed for lack of subject matter jurisdiction.[4]

---

[4] In his Objections, Plaintiff also reiterates that he disputes the Government's arguments that the Declaratory Judgment Act and the Anti-Injunction Act bar the relief that Plaintiff seeks.  Obj. at 3.  Judge Seltzer did not reach these arguments because he found that there was no subject matter jurisdiction over this case.  Rep. at 11 n.12.  Because the undersigned agrees that there is no subject matter jurisdiction, this Court also does not reach these arguments.

## B. Failure to State a Claim

Second, Plaintiff objects to the conclusion that he has failed to state a claim upon which relief can be granted. Though the undersigned has already determined that the case must be dismissed for lack of subject matter jurisdiction, if there were subject matter jurisdiction, the Court would agree with Judge Seltzer that the case should nonetheless be dismissed for failure to state a claim upon which relief can be granted.

In the Report, Judge Seltzer noted that this action sounds in contract, and therefore requires both an offer and an acceptance. See Rep. at 13. Plaintiff does not contend otherwise. As Judge Seltzer stated, "[a]lthough the Amended Complaint alleges that Plaintiff made a (non-conforming) offer to purchase the subject property, it fails to allege sufficient facts showing that IRS PALS ever accepted Plaintiff's offer; hence, under the facts alleged, no valid contract between the parties was formed." Id. at 14 (citing Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc., 363 F.3d 1089, 1093 (11th Cir. 2004) ("The last act necessary to complete a contract is the offeree's communication of acceptance to the offeror.")).

In his Objections, Plaintiff raises no new arguments; rather, he objects generally to the fact that Judge Seltzer agreed with the Government that the Amended Complaint fails to state a claim, and he presents a factual scenario as an analogy to his case. In his factual analogy, Plaintiff suggests that if a customer attempts to purchase a bag of chips for $1 when the listed price is $2, and if the seller holds the money without saying anything, then the buyer has succeeded in purchasing the chips for only half of the asking price. Plaintiff then analogizes that the Government necessarily accepted his bid on the subject property when it said nothing for 52 days after receiving Plaintiff's

non-conforming bid. Nothing in this factual analogy changes the legal analysis in Judge Seltzer's Report. Instead, Plaintiff essentially confirms the fact that the Government never communicated any acceptance to his offer. The Court, having considered *de novo* Plaintiff's arguments, the Government's arguments, and the findings in the Report, agrees with Judge Seltzer that the factual allegations in the Amended Complaint do not state a claim for relief that is plausible on its face. Therefore, even if there were subject matter jurisdiction over this action, the Amended Complaint would still be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections [DE 43] are **OVERRULED**;

2. The Report and Recommendation [DE 42] is **ADOPTED**;

3. The Government's Motion to Dismiss [DE 34] is **GRANTED**;

4. The Amended Complaint [DE 8] is **DISMISSED without prejudice**;

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 8th day of November, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular mail

Michael Love
501003037
DC# L54020
PO Box 718501
Moore Haven, FL 33471

8